IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| ANDREA LEONARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 26-cv-15-RJD |
| v. | ) | |
| | ) | |
| ALTON COMMUNITY UNIT SCHOOL | ) | |
| DISTRICT 11 BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant's Motion to Dismiss Counts II and V of Plaintiff's Complaint.  Docs. 22, 23.  Plaintiff responded.  Doc. 28.  As explained further, Defendant's Motion is GRANTED.

**Allegations in Plaintiff's Complaint**

In May 2024, Defendant offered Plaintiff the position of Special Education Supervisor with the Alton Community Unit School District for the 2024-2025 school year.  Doc. 1-1, ¶15.  As she began her employment, Plaintiff identified multiple violations of state and federal law within the school district: (1) Defendant failed to staff classrooms with certified special education professional; (2) Defendant made unilateral schedule changes with modifying students' educations plans; and (3) Defendant failed "to provide reasonable accommodations previously agreed upon for students with disabilities."  *Id*., ¶19.  Plaintiff reported the violations to her supervisor and the District Superintendent, but the school district failed to address the violations.  *Id*., ¶¶21-26.

Page **1** of **6**

On or about November 4, 2024, Plaintiff submitted a letter of resignation, proposing a termination date of December 31, 2024.  *Id*., ¶31.  The District Superintendent met with Plaintiff on November 6, 2024.  *Id*., ¶32.  Plaintiff explained that "the ongoing stress had begun to seriously impact her health and ability to function."  *Id*., ¶35.  Defendant submitted Plaintiff's letter of resignation to the Board of Education on or about November 7, 2024.  *Id*., ¶36.  That same day, the District Superintendent asked Plaintiff to meet with her and the Human Resources Director on November 8, 2024.  *Id*., ¶19.  The District Superintendent "informed Plaintiff that the Board of Education would not accept her resignation and threatened to attack Plaintiff's teaching license with the ISBE if she resigned."[1]  *Id*., ¶40.

After the November 8, 2024 meeting, Plaintiff "took two weeks of sick leave due to emotional distress."  *Id*., ¶42.  During that time, she emailed Defendant and requested a written summary of the November 8, 2024 meeting, but received no response.  *Id*., ¶43.  Plaintiff also "learned that [Defendant] had deleted most of her timekeeping entries."  *Id*., ¶45.  On November 22, 2024, Plaintiff emailed Defendant about the deleted timekeeping entries and "stated that she viewed the deletion as evidence that [Defendant] had effectively terminated her employment."  *Id*., ¶46.  Defendant "did not reply to Plaintiff's email, which confirmed that it terminated her employment."  *Id*., ¶47.  Defendant did not pay Plaintiff for her paid time off, nor did it pay her "for the work she performed in November.  *Id*., ¶¶44, 55.  Defendant then submitted "a false report to ISBE, falsely claiming that Plaintiff had accepted a new teaching position and abandoned her job mid-year."  *Id*., ¶48.  The ISBE "rejected [Defendant's] complaint because Plaintiff was not working in a teaching position for [Defendant] and had not accepted any new teaching

---

[1]  The ISBE is the Illinois State Board of Education.  *Id*., ¶2.

position." *Id.*, ¶49.  If the ISBE had not rejected Defendant's Complaint, "Plaintiff could have lost her teaching license and it would have diminished her ability to get a job with any new school." *Id.*, ¶50.

Plaintiff's Complaint contains the following claims:

| | | |
|---|---|---|
| Count I: | Americans with Disabilities Act ("ADA") retaliation |
| Count II: | ADA associational discrimination |
| Count III: | Rehabilitation Act Retaliation |
| Count IV: | Illinois Human Rights' Act ("IHRA") Retaliation |
| Count V: | IHRA associational discrimination |
| Count VI: | Common law retaliatory discharge |
| Count VII: | Illinois Whistleblower Act |
| Count VIII: | Illinois Wage Payment and Collection Act. |
| Count IX: | Illinois Civil Rights Remedies Restoration Act |

Defendant moves to dismiss Counts II and V.

## Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a claim upon which relief cannot be granted.   In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff.  *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted).   It is unnecessary for the claimant to set out all relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief.   *See* FED. R. CIV. P. 8(a)(2).   Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**Discussion**

Plaintiff pursues theories of associational discrimination in Counts II and V under the ADA and the IHRA, respectively.   The ADA prohibits "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with who the qualified individual is known to have a relationship or association." 42 U.S.C. §12112(b)(4). The Seventh Circuit previously identified three circumstances under which association discrimination may arise under the ADA: (1) "an employee's '[relative] has a disability that is costly to the employer because the [relative] is covered by the company's health plan.'"; (2) "an employer fears that the employee may have become infected with a disease because of the known disease of an associate of the employee"; and (3) "the employee is somewhat inattentive at work because his spouse or child has a disability that requires his attention, yet not so inattentive that to perform to his employer's satisfaction he would need an accommodation."   *Pierri v. Medline Indus., Inc.*, 970 F.3d 803, 806-07 (7th Cir. 2020), *quoting Larimer v. Int'l Bus. Mach. Corp*. 370 F.3d 698 (7th Cir. 2004).

Defendant moves to dismiss Count II because Plaintiff has not alleged any of the three circumstances established by the Seventh Circuit for associational discrimination under the ADA. Plaintiff contends that she has pled the "expense" circumstance: that the violations of state and federal law she reported to Defendant would have been costly to fix, and therefore her claim is akin to an employee whose relative's costly disability is covered by the company's health plan. Plaintiff's reasoning is unsupported by any case law cited in her Response.   The Seventh Circuit's reference to the "expense" circumstance is, in every case discussed, very specifically tailored to

Page **4** of **6**

cases where coverage by the employer's health plan of the employee's disabled relative is expensive for the employer.   *Dewitt v. Proctor Hosp.*, 517 F.3d 944, 948 (7th Cir. 2008); *Larimer v. Int'l Bus. Mach. Corp.*, 370 F.3d 698, 700-01 (7th Cir. 2001).

Even if the only inquiry necessary was whether the employee caused an expense (of any kind) to the employer, Plaintiff has not pled that she was expensive to Defendant.   Plaintiff alleges that the changes she recommended to Defendant were necessary to comply with state and federal law, not her own wish list for Defendant's students.   In any event, Defendant allegedly refused to incur the expenses related to Plaintiff's recommendations.

The three ADA associational discrimination circumstances outlined in *Larimer* "were not meant to be exhaustive." *Pierri*, 970 F.3d at 807.   All that Plaintiff is required to do at this stage of the case is allege a plausible claim for associational discrimination under the ADA. Nonetheless, the facts alleged in Plaintiff's Complaint preclude her from doing so.   To the extent that Plaintiff "associated" with disabled individuals, Defendant hired her to do so.   Doc. 1-1, ¶15. The Court cannot logically infer that Defendant discriminated against her for the same reason. Instead, Plaintiff's allegations reflect that Defendant disagreed with the way in which she performed her job and allegedly retaliated against her for attempting to enforce compliance with state and federal law; those allegations comprise her various retaliation claims. It was not Plaintiff's "association" with disabled individuals that allegedly cost her the November 2023 wages and paid time off, nor did the "association" allegedly result in the report to the ISBE. Accordingly, Count II fails to state a claim upon which relief can be granted.

As for Count V, Plaintiff and Defendant agree that federal law should be used to interpret the Illinois Human Rights Act ("IHRA").   *See Zaderaka v. Illinois Human Rights Com'n*, 131 Ill. 2d 172, 178 (Ill. 1989).    The IHRA states that it is a civil rights violation to discriminate "against

an individual because of the individual's association with a person with a disability."   775 ILCS 5/1-103(I)(2).      Because Plaintiff's Complaint contains no facts that indicate she was discriminated against because of her association with a person with a disability, she has also failed to allege a claim upon which relief can be granted in Count V.

**Conclusion**

Defendant's Motion (Doc. 22) is GRANTED. Counts II and V are DISMISSED.

**IT IS SO ORDERED.**

**DATED: July 2, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**